## PHILADELPHIA, BALTIMORE AND WASHINGTON RAILROAD COMPANY, A BODY CORPORATE,

### *vs.*

### SAMUEL H. ROBERTS, OLIVER P. ROBERTS, JAMES ROBERTS, WILLIAM H. ROBERTS AND JAMES O. LANGRALL, CO-PARTNERS, TRADING AS ROBERTS BROTHERS.

*Money paid on account of another: recovery in assumpsit.*
*Bills of lading issued in error.*

Where a common carrier, engaged in interstate commerce, issues to a shipper two bills of lading for the same carload of freight, one an order bill of lading (negotiable), consigning the freight to the shipper, order notify A., the other a straight bill of lading, consigning the freight to B.; and where the shipper places the order bill of lading in a bank with a draft attached drawn upon A. for the purchase price of the freight, and A. pays the draft and takes up the order bill of lading, and the carrier delivers the freight to B., the holder of the straight bill of lading, who pays the shipper for said freight; and where the carrier, unable to deliver the freight upon demand made by A., holder of the order bill of lading, pays A. the amount of the draft, the carrier may recover from the shipper the amount so paid to A. in an action upon the common counts for money alleged to have been paid by the plaintiff for the defendant at its request.                    pp. 402-405

If one is compelled to pay the debt of another, and does pay it, the law implied a promise on the part of him for whom the money was paid to repay it, and for such repayment an action will lie in assumpsit.                              p. 399

*Decided April 8th, 1919.*

Appeal from the Superior Court of Baltimore City. (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, and CONSTABLE, JJ.

*Charles H. Carter* (with whom were *Bernard Carter & Sons* on the brief), for the appellant.

*Charles F. Harley,* for the appellees.

THOMAS, J., delivered the opinion of the Court.

The only question in this case arises on the exception to the ruling of the Court below refusing to grant the plaintiff's prayer.

It is said by Mr. Poe in Vol. 1 of his work on *Pleading and Practice,* sec. 107, upon the authority of decided cases. (*Hutzler* v. *Lord,* 64 Md. 534; *Brinkley* v. *Hamilton,* 67 Md. 169) : "If one is compelled, or in a situation to be compelled, to pay the debt of another, as in the case of a surety, and does pay it, the law implies a promise on the part of him for whom the money is paid to repay it," and the suit in this case was brought on the common counts to recover for money alleged to have been paid by the plaintiff for the defendants at their request.

The appellant, a common carrier, engaged in interstate commerce, had a station and freight yard in Cambridge, Maryland, and the appellees, spoken of as "Baltimore canners," operated a cannery at Cambridge, along the track of the appellant, about a quarter of a mile from the appellant's station, and had a private siding, upon which the cars desired by them and to be loaded with freight, were placed by the appellant.

In accordance with the terms of an agreement between the appellees and the appellant, the appellees loaded the cars on their siding and sealed them with their private seal without any inspection of the contents by the appellant, and the appellant issued bills of lading without examining the freight in the cars. The appellees also kept at their factory forms of bills of lading of the appellant, and when they loaded a car, they filled out the bill of lading, making three impressions or

copies at the same time, with the name of the consignor and
the name of the consignee, the contents of the car, the name
and number of the car and its destination, and sent them to
the station of the appellant at Cambridge to be signed by the
appellant's agent. The appellant's agent would sign two of
the copies, called the bill of lading and the memorandum,
and deliver them to the shipper, and retain the other copy,
signed by the shipper, called the shipping order.

In September, 1912, the superintendent of the appellees'
factory at Cambridge received an order from the appellees in
Baltimore to ship to the appellees as consignees, "notify Lafer
Bros., Detroit, Mich.," via. "P. R. R., c/o Anchor line,"
1200 cases Soughtafter brand 3 lb. tomatoes at 80c., and on
the 9th of September, 1912, the agent of the appellant at
Cambridge, at the request of the appellees' agent at Cam-
bridge, signed and issued to them two bills of lading, called
*"order"* bills of lading, for two cars on their siding each
loaded with 600 cases of Soughtafter brand tomatoes, one in
the morning for car S. A. L. 23595, and the other in the
afternoon for car Southern 34014, both consigned to the
order of the appellees at Detroit, Michigan, with a memoran-
dum "notify Lafer Bros."

The superintendent of the appellees at Cambridge also
received in September, 1912, an order from the appellees to
ship to G. E. Howard & Co., Newburg, N. Y., "600 cases of
Big R. brand 3 lb. tomatoes at 82½c., and on the 10th of
September, 1912, the agent of the appellant, at the request
of the appellees' agent, signed and issued to them what is
called a *"straight"* bill of lading for a carload of 600 cases
of Big R. brand tomatoes, *in car Southern* 34014, being the
same car for which one of the *order* bills of lading had been
issued on the day before, September 9th.

Car S. A. L. 23595, containing the tomatoes called for in
one of the *order* bills of lading issued on the 9th of Septem-
ber, consigned to Detroit, Michigan, left Cambridge that
afternoon, and *car Southern* 34014, referred to in the *two*
bills of lading, one the *order* bill of lading consigning the car

to Detroit, and the other the *straight* bill of lading consigning the car to Newburg, New York, left Cambridge for Newburg, according to the plaintiff's evidence, on the afternoon of September 10th.

The two *order* bills of lading issued by appellant on September 9th, one for car S. A. L. 23595 and the other for car Southern 34014, endorsed by the appellees, with drafts attached, drawn on Lafer Bros. for the price of the tomatoes in each car, were placed by the appellees in a bank in Detroit. Lafer Bros. paid the drafts and received the bills of lading, and then requested delivery by the Anchor line, the terminal carrier, of the two carloads of tomatoes called for in the bills of lading. The Anchor line delivered to them the contents of car S. A. L. 23595, but was unable to deliver the contents of *car Southern* 34014 because that car had, in accordance with the *straight* bill of lading consigning it to Howard & Co., Newburg, New York, been delivered to Howard & Co., who paid the appellees for the tomatoes contained therein.

Lafer Bros. having paid the appellees the amount of the draft attached to appellant's bill of lading for *car Southern* 34014, and having failed to receive the contents of said car, called on the appellant for the amount of said draft and the appellant paid it, and is now seeking to recover it from the appellees.

It seems to be conceded, and the evidence is clear to the effect, that the appellant issued *two* bills of lading for *car Southern* 34014, one an *order* bill of lading describing its contents as 600 cases of Soughtafter brand tomatoes, and consigning it to the appellees at Detroit, Michigan, "notify Lafer Bros.," and the other a *straight* bill of lading, describing its contents as 600 cases of Big R. brand tomatoes, and consigning it to Howard & Co., Newburg, New York, and that *car Southern* 34014, containing the Soughtafter brand, was delivered to Howard & Co.

The evidence adduced by the appellant tends to show that the appellees delivered only *two* cars to the appellant, one

car S. A. L. 23595, the contents of which Lafer Bros. received, and the other *car Southern* 34014, consigned to, and delivered by the appellant to Howard & Co., and that the appellees did not deliver to the appellant another car containing Big R. brand tomatoes, consigned to Howard & Co.   On the other hand the appellees offered evidence tending to show that their agent at Cambridge delivered *three* cars of tomatoes to the appellant, two consigned to themselves at Detroit for Lafer Bros., and one consigned to Howard & Co., Newburg, New York, containing Big R. brand tomatoes, which evidence, assuming it to be true, can only be explained upon the theory that in making out the bill of lading for the car containing the Big R. brand *they* made a mistake in the *name and number* of the car, as the undisputed evidence shows that *car Southern* 34014 contained the Soughtafter brand.

Upon this state of the proof, the plaintiff submitted the following prayer: "The plaintiff prays the Court to rule as a matter of law: That if the Court, sitting as a jury, shall find from the evidence that in September, 1912, the plaintiff was a common carrier, engaged in the transportation of freight; and that Mr. W. M. Smith was its agent at Cambridge, Maryland, and was duly authorized to receive freight for transportation and to issue bills of lading therefor; and find that the defendants, Roberts Bros., maintained a factory at or near Cambridge, for the canning of tomatoes, at which there was a side-track, and that Mr. Bramble was the agent and superintendent of the defendants at Cambridge, Md., in September, 1912; and if the Court shall find from the evidence that the defendants' agent at Cambridge on September 9th, 1912, prepared and presented to the plaintiff's agent the order bill of lading of the plaintiff, dated September 9th, 1912, offered in evidence, which called for six hundred cases, a carload of canned tomatoes, 'Soughtafter Brand,' in car Sou. 34014, consigned by the defendants to themselves at Detroit, Michigan, order to notify Lafer Bros., at Detroit, routed by the Anchor Line, and requested the plaintiff's agent to issue the said bill of lading to defendants, and the plain-

tiff's agent issued said bill of lading as requested; and shall find that upon the following day, September 10th, 1912, at Cambridge, the defendants' agent presented to and requested the plaintiff's agent to issue the straight bill of lading of the Philadelphia, Baltimore & Washington Railroad Co., offered in evidence, dated September 10th, 1912, calling for six hundred cases of canned tomatoes, a carload, Big R. brand, in car Sou. 34014, consigned by the said defendants to G. H. Howard & Company, Newburg, New York, and that the plaintiff's agent issued said bill of lading, as requested; and further find that the said order bill of lading, dated September, 9th, 1912, and the said straight bill of lading, dated September 10th, 1912, offered in evidence, were both issued for tomatoes contained in Sou. car 34014, by the plaintiff's agent on request of the defendants' agent; and shall further find that the defendants' agent delivered to the plaintiff's agent, and the plaintiff's agent received from the defendants' agent car Sou. 34014, and that said car contained six hundred cases of 'Soughtafter Brand' tomatoes, as called for in said order bill of lading, dated September 9th, 1912; and shall further find that the defendants did not deliver to the plaintiff in car Sou. 34014 six hundred cases of Big R. tomatoes, as called for in the straight bill of lading of the plaintiff, dated September 10, 1912; and shall find that thereafter the defendants placed with the National Bank of Commerce of Detroit, Michigan, said order bill of lading issued by the plaintiff, dated September 9th, 1912, calling for six hundred cases of tomatoes, 'Soughtafter Brand,' in car Sou. 34014, duly endorsed in blank by the defendants, with a draft attached thereto, drawn by the said defendants upon Lafer Bros. for nine hundred and forty-five dollars, the purchase price of said tomatoes; and shall further find that the said Lafer Bros. paid to the National Bank of Commerce of Detroit, defendants' agent, if the Court so finds, nine hundred and forty-five dollars, the amount of said draft, and took up said draft and said order bill of lading from said bank, duly endorsed; and shall further find that the plaintiff, be-

cause of the issue of the said straight bill of lading, calling for said car 34014, transported said Sou. car 34014 to Newburg, N. Y., and that said car contained six hundred cases of canned tomatoes marked 'Soughtafter Brand,' and that said tomatoes in said car were delivered to and accepted by G. H. Howard & Co., at Newburg, N. Y., the consignee, in said straight bill of lading, and shall find that the said Howard & Co. paid to the said defendants for said tomatoes so delivered to them; and shall further find that the said Lafer Bros. never received the said carload of tomatoes called for in said order bill of lading, issued by the plaintiff, dated September 9th, 1912, which order bill of lading they paid for and received from the said National Bank of Commerce at Detroit; and shall find that the said Lafer Bros. thereafter made demand on the Anchor Line, the terminal carrier named in said order bill of lading of the plaintiff, as agent for the plaintiff, if the Court shall so find, through Mr. Burk, its agent at Detroit, for nine hundred and sixty dollars, for the failure of the plaintiff to deliver the said carload of tomatoes called for in said order bill of lading; and shall further find that the plaintiff paid to said Lafer Bros. the sum of nine hundred and sixty dollars so demanded of it, because of its inability to deliver the said tomatoes called for in said order bill of lading issued by it on September 9th, 1912, at Cambridge, Maryland; and shall further find from the evidence that the plaintiff issued to the defendants on the 9th and 10th days of September, 1912, one more bill of lading than the number of cars which defendants delivered to the plaintiff, and which the plaintiff received from the defendants, then the verdict of the Court must be for the plaintiff in this case."

The Court below refused the plaintiff's prayer, and the judgment being in favor of the defendants the plaintiff appealed.

The objection urged by the appellees against the prayer is that the whole prayer, and the following paragraph thereof, ignores "the evidence as to the mistake in the car number:"

"And shall further find that the defendants did not deliver to the plaintiff in car Sou. 34014 six hundred cases of Big R. tomatoes, as called for in the straight bill of lading of the plaintiff, dated September 10, 1912."

We do not think that the prayer is open to that objection. It not only required the Court, sitting as a jury, to find, as stated in the paragraph referred to, "that the defendants did not deliver to the plaintiff in car Sou. 34014 six hundred cases of Big R. tomatoes, as called for in the straight bill of lading of the plaintiff, dated September 10, 1912," but in the last paragraph it based the plaintiff's right to recover upon a further finding "that the plaintiff issued to the defendant on the 9th and 10th days of September, 1912, one more bill of lading than the number of cars which the defendants delivered to the plaintiff, and which the plaintiff received from the defendants." On the plaintiff's and the defendants' theories of the case, the real issue of fact was whether the defendants delivered to the plaintiff *three* carloads of tomatoes. The evidence was not disputed that *two* cars, viz: car S. A. L. 23595 and car Southern 34014, were delivered to the plaintiff, and that both of these cars contained Sought-after brand tomatoes, and the only question was whether defendants delivered to the plaintiff *another car,* containing Big R. brand tomatoes, and a finding by the Court that the plaintiff delivered to the defendants one more bill of lading than the number of cars they delivered to the plaintiff would necessarily have precluded a finding by the Court that the defendants delivered to the plaintiff a car containing Big R. brand tomatoes.

We think the prayer fully covers both the plaintiff's and defendants' theories of the case, and that upon a finding of the facts stated therein the plaintiff would have been entitled to recover. We must, therefore, reverse the judgment and remand the case for a new trial.

*Judgment reversed, with costs and a new trial awarded.*